UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BARBARA E. BELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | No. 4:06CV181-DJS |
| HOME DEPOT U.S.A., INC. and DAVID GILBERT, | ) |  |
| Defendants. | ) |  |

### ORDER

Plaintiff Barbara E. Bell filed the instant petition in the Circuit Court of St. Louis County alleging unlawful employment practices and seeking relief under the Missouri Human Rights Act ("MHRA"), §213.010 R.S.Mo. *et seq.*, against her former employer, defendant Home Depot, and her former supervisor, defendant David Gilbert, who allegedly sexually harassed plaintiff. Home Depot removed the action to this Court, contending that defendant Gilbert was fraudulently joined to defeat diversity jurisdiction. Now before the Court is plaintiff's motion to remand the case.

In considering the fraudulent joinder issue presented, the Court applies the following governing principles:

> Th[e] fraudulent-joinder doctrine tries to strike a reasonable balance among not rewarding abusive pleading by the plaintiff, the plaintiff's tactical prerogative to select the forum, and the defendant's statutory right to remove. Thus, the plaintiff's intent that the joinder of a particular party...should defeat federal subject matter jurisdiction is immaterial to the property of removal, so

> long as the use of one of those devices is not merely colorable or made in bad faith. According to the numerous decided cases on the subject, a party will be considered fraudulently joined -- and removal will be permitted -- when the plaintiff has not or cannot state a claim for relief against that individual or entity under the applicable substantive law or does not intend to secure a judgment against that particular defendant...[T]he decided cases make it clear that in general there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder by the court[.]

Wright, Miller & Cooper, 14B <u>Federal Practice & Procedure: Jurisdiction 3d</u>, §3723, pp.625-638 (1998). The Eighth Circuit has similarly enunciated the applicable standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent...However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder."

<u>Filla v. Norfolk Southern Railway Co., et al.</u>, 336 F.3d 806, 810 (8th Cir. 2003).

In the case at bar, the issue presented is the viability of plaintiff's claim against the individual defendant under the MHRA. The Honorable Stephen N. Limbaugh of this court faced the same issue in <u>Hill v. Ford Motor Company</u>, No. 4:03CV1857-SNL, and concluded that the possibility of individual liability under the MHRA required a remand to state court. Judge Limbaugh acknowledged that in 1995, in <u>Lenhardt v. Basic Institue of Technology</u>, 55 F.3d 377 (8th Cir. 1995), the Eighth Circuit predicted that the Missouri Supreme Court would hold that the MHRA's definition of "employer"

would not subject individual supervisors to liability. Hill, 324 F.Supp.2d 1028, 1032 (E.D.Mo. 2004). Nonetheless, Judge Limbaugh observed that "[r]ecent federal court decisions regarding interpretation and application of the MHRA have cast doubt on the continuing viability of Lenhardt." Id. Judge Limbaugh also noted a state circuit court decision ruling that individual liability under the MHRA does exist. Id. at 1033, citing Amanda Klein and Nicole Jones v. Partners Financial Services and William McNabb, Cause No. 03CC-004871. Similarly, in the instant case, plaintiffs provide and rely upon three additional cases in the Circuit Court of St. Louis County in which judgment has been entered against individual defendants under the MHRA or the trial court has rejected a motion to dismiss contending that the MHRA does not support individual liability. Pltf. Suggestions [Doc. #5-2], pp.8-10.

Because the issue is presented on a motion to remand, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811. Furthermore, where the sufficiency of the allegedly fraudulent claim is in doubt under state law, "'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. at 811, *quoting* Iowa Public Service Co. v. Medicine Bow Coal

Co., 556 F.2d 400, 406 (8th Cir. 1977). Home Depot, the removing defendant, has failed to demonstrate that plaintiff cannot state a claim for relief against the individual defendant under the MHRA. On the current state of the law in Missouri, there exists a possibility that the MHRA *might* impose liability on the resident defendant, a possibility that precludes a finding of fraudulent joinder. For all the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #5] is granted.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of St. Louis County.

Dated this ___16th___ day of March, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE